O’SCANNLAIN, Circuit Judge,
concurring:
I join the court’s opinion in full. I write separately only to emphasize that our decision does not determine the standard of review applicable to a claim that a district court has varied too greatly from the advisory Guidelines range sentence based on a policy disagreement with the Sentencing Guidelines.
Although we review all sentencing decisions for abuse of discretion, Gall v. United States, 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), the Supreme Court has stated that “closer review may be in order when the sentencing judge varies from the Guidelines based solely on the judge’s view that the Guidelines range fails properly to reflect [18 U.S.C.] § 3553(a) considerations even in a mine-run case,” Kimbrough v. United States, 552 U.S. 85, 109, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). The Court has not resolved the precise nature of this “closer review,” and the circuits have avoided staking out clear positions on this matter. See, e.g., United States v. Engle, 592 F.3d 495, 502-03 (4th Cir.2010) (remanding for the district court to develop a more complete record to permit such “closer review” of its decision on appeal).
We have not yet had occasion to assess the nature of this “closer review,” and we have not done so here. Although such review may be appropriate where a party claims that a district court has imposed a sentence that varied too greatly from an advisory Guidelines range sentence, this appeal presents no such claim. The government did not bring a cross-appeal to challenge Mitchell’s below Guidelines range sentence as substantively unreasonable. Our opinion thus considers only Mitchell’s claim that his sentence was substantively unreasonable because the district court failed to eliminate entirely the crack/powder disparity, and does not consider what standard of review might have applied had the government challenged the substantive reasonableness of Mitchell’s sentence.